[848 NYS2d 536]

In the Matter of CHRISTOPHER W. MEYERS (Admitted as CHRISTO-PHER WILLIAM MEYERS), an Attorney, Resignor.

Second Department, January 8, 2008

**APPEARANCES OF COUNSEL**

*Richard E. Grayson*, White Plains, for resignor.

*Gary L. Casella*, White Plains (*Matthew Renert* of counsel), for Grievance Committee for the Ninth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Christopher W. Meyers has submitted an affidavit dated July 24, 2007, wherein he tenders his resignation as an attorney and counselor-at-law (see NYCRR 691.9). Mr. Meyers was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Third Judicial Department on June 20, 1989, under the name Christopher William Meyers.

Mr. Meyers avers that his resignation is made voluntarily, free from coercion and duress, after review with counsel, and with a full awareness of the implications of its submission. He is aware of the pending investigation by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) into complaints of professional misconduct made by Rex Pietrobono, Judy Lee, Joanne Monaco, and the joint complaint by Michael Blumenthal, Joan Waters, and Michael Weinstein alleging neglect of legal matters and/or conduct involving dishonesty, fraud, deceit, or misrepresentation.

Mr. Meyers further acknowledges that he is the subject of a complaint by Ellen Hennessy, in her capacity as a staff member of the Mental Health Association of Westchester (hereinafter the Mental Health Association), alleging that he failed to account for funds that he maintained in trust for an individual for whom the Mental Health Association was subsequently appointed to manage finances.

During the course of the Grievance Committee's investigation, Mr. Meyers admittedly engaged in fraudulent conduct in an attempt to prevent discovery of the fact that he used the funds in the trust account for his personal benefit, without the knowledge of the person whose finances he had been appointed to manage, exhausted the funds, and closed the trust account in November 2003. Although Mr. Meyers has since repaid a portion of those funds to the beneficiary via payments to the Mental Health Association, he has not fully repaid the amounts used for his personal benefit.

Mr. Meyers acknowledges that if charges were predicated upon the aforementioned allegations, he could not successfully defend himself on the merits. He is aware that the court, in any order permitting him to resign, could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied, or to reimburse the Lawyers' Fund for Client Protection for same. Mr. Meyers is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be

entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee joins in Mr. Meyers's request that the resignation be accepted in the interests of preserving time and court resources.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, Christopher W. Meyers is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

PRUDENTI, P.J., CRANE, RIVERA, MILLER and BALKIN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Christopher W. Meyers, admitted as Christopher William Meyers, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Christopher W. Meyers, admitted as Christopher William Meyers, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Christopher W. Meyers, admitted as Christopher William Meyers, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the resignor, Christopher W. Meyers, admitted as Christopher William Meyers, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).